# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In Re: Shannon L Scott

Case No. 13-21314-13

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

COMES NOW The Rent Company, and its Successors and Assigns, "Movant" herein, and pursuant to Bankruptcy Rules 4001 and 9014, states and alleges as follows:

1. ("Debtors") **Shannon L Scott** filed her Chapter **13** Bankruptcy petition on May 24, 2013 and it is currently pending before this Court.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1334, 28 U.S.C. Section 157, 11 U.S.C. Section 361 and 11 U.S.C. Section 362.

3. Movant and Debtor entered into a written lease agreement for the lease of 9306 W 76th Terrace, Overland Park, KS 66204. That the Debtor agreed to pay the Movant the sum of $ 1200 per month rent for the subject premises from January 17, 2013 through January 31, 2014.

4. The Debtor has defaulted on the Lease in that contractual payments are due in the amount of $ 3938.43 for July 2013 and before along with late fees of $ 60.

5. The debtor nor the estate has any equity in the leased premises and the property is not necessary for an effective reorganization.

6. In addition to Movant, the following entities may claim an interest in the Property:

NONE

7. Pursuant to 11 U.S.C. § 362(d)(1) and (2), on request of a party in interest and after notice and hearing, the Court shall grant relief from the automatic stay, for cause, including non-payment or lack of adequate protection of an interest in property of a party in interest and/or if (a) the Debtors do not have equity in such property, and (b) such property is not necessary for an effective reorganization.

8. Movant asserts that Debtors' failure to make regular payments as required under the Lease results in a lack of adequate protection of Movant's ownership and, therefore, a continuation of the automatic stay imposed under Section 362 places Movant's real property in jeopardy. As such, grounds exist for granting relief from automatic stay, effective immediately upon entry of the order and the waiver of the 14 day stay period will protect against future waste like the patio damage.

WHEREFORE, The Rent Company respectfully prays this Court as follows: Enter an Order granting relief from the automatic stay and finding that the fourteen (14) day stay period pursuant to Rule 4001(a)(3) shall be inapplicable, authorizing it to immediately exercise its rights under the Lease and applicable non-bankruptcy laws; authorizing Movant to immediately pursues state court remedies for possession and for amounts due and post filing rents of the subject real estate; and for such other orders as the Court deems appropriate.

Huelson Law Firm LLC

s/ L Donald Huelson

L Donald Huelson # 17875
16029 S Bradley
Olathe, KS 66062
(913) 254-1400
ATTORNEY FOR MOVANT

Certificate of Service

I hereby certify that I have served the above and foregoing document by filing such with the court and electronic serving said document on the Chapter 13 Trustee and attorney for the debtor and also by mailing the same by first class mail to the following on this 8th day of July, 2013:

**Shannon L Scott**
**PO Box 4772**
**Overland Park, KS 66204**

**Shannon L Scott**
**9306 W 76th Terrace**
**Overland Park, KS 66204**

**Jeffrey L Wagoner**
**3100 Broadway, Ste 1420**
**Kansas City, MO 64111**

s/ L Donald Huelson

**L Donald Huelson**